# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HOWARD ZERKLE,                        )
                                      )
        Petitioner,         )
                                      )    1:08CV745
        v.                  )    1:06CR207-1
                                      )
UNITED STATES OF AMERICA,             )
                                      )
        Respondent.         )

### ORDER, MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Howard Zerkle, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 37.)[1] Petitioner was charged in a superseding indictment with eleven counts of mail fraud in violation of 18 U.S.C. § 1341, one count of making false statements on a bank application in violation of 18 U.S.C. § 1014, three counts of engaging in a monetary transaction in property derived from mail fraud in violation of 18 U.S.C. § 1957(a), and three counts of structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3) and (d)(2). (Docket No. 11.) He later pled guilty to two counts of mail fraud, the false statements count, and one count of engaging in a monetary transaction in property derived from mail fraud. (Docket Nos. 21,

---

[1]This and all further cites to the record are to the criminal case.

22.) He was sentenced to 69 months of imprisonment. (Docket No. 27.)

Petitioner did pursue a direct appeal, but was unsuccessful at gaining relief from his convictions or sentence. (Docket No. 33.) Following the denial of his appeal, Petitioner filed his motion under § 2255. Respondent has filed a response (Docket No. 42), while Petitioner has filed a combination reply/motion to strike the response. (Docket No. 45.) These matters are now before the Court for rulings. See Rule 8, Rules Governing Section 2255 Proceedings.

## Discussion

Before discussing the merits of Petitioner's § 2255 motion, the Court will first dispose of his motion to strike. Petitioner asks that Respondent's response brief be stricken because, even though Respondent got the Court's permission to file it later than originally ordered, the motion to extend the time to file was not adequately supported. Obviously, in originally granting the motion to extend Respondent's time to file a response, the Court determined that the motion was sufficient. This has not changed. Petitioner's motion to strike the response will be denied.

Turning now to Petitioner's § 2255 motion, he raises four claims for relief, all of which are similar. Petitioner generally asserts that he received ineffective assistance of counsel because his attorney failed properly to present arguments regarding the calculation of the amount of loss at his sentencing. At times, he

-2-

also appears to be making related arguments that the sentencing judge erred in calculating the amount of loss and/or that he is not guilty because he did not intend to cause any loss to his victims. All of the possible permutations of Petitioner's claims can be dealt with through a discussion of his ineffective assistance of counsel allegations.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

According to the factual basis considered as part of Petitioner's plea bargain (Docket No. 22), Petitioner operated a Ponzi investment scheme from 2001 until April of 2006. About one-hundred and fifty investors gave around $6,000,000 to Petitioner and his company, Zerkles Inc. The investors were told that the

-3-

money was being invested in foreign currency or commodities and that they could expect returns of either double or triple their investment, or five percent per month. Petitioner gave investors "Promissory Notes" guaranteeing their investments and assured some of them that his company had enough funds on deposit to cover their investments.

Petitioner did not invest the funds as promised. Instead, he used some for his personal and living expenses, donated some to charity, gave some as gifts to relatives, and invested some with friends in restaurants or in racing businesses. He often structured payments at just under $10,000 to avoid reporting requirements. Petitioner did not invest in foreign currency or commodities, but he did put some money into domestic and foreign companies with "get-rich quick" schemes that did not involve currency or commodities. Finally, he used the money from new investors to make "interest" payments to earlier investors. Petitioner also mailed out false quarterly statements showing the supposed growth of investors' accounts and mailed out lulling letters promising funds even after he stopped making the "interest" payments. (Docket No. 22.) The Presentence Report (PSR) reiterates many of these basic facts and adds further details. (PSR ¶¶ 3-15.)

The amount of loss caused by Petitioner's fraudulent scheme was determined in the PSR to be $4,496,470.09 under U.S.S.G.

§ 2B1.1 comment. (n.3). (PSR ¶ 15.) That provision states that the amount of loss is the greater of the actual or intended loss that results from the offense. Actual loss was used in the PSR. Actual loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 comment. (n.3(A)(i)). Pecuniary harm is monetary harm or harm that can be measured in monetary terms. It is reasonably foreseeable if the defendant knew or reasonably should have known that the harm was a potential result of the offense. U.S.S.G. § 2B1.1, comment. (n.3 (A)(iii) and (iv)). Finally, in accordance with U.S.S.G. § 2B1.1 comment. (n.3(F)(iv)), any gains by certain investors who were paid with money from later investors were not used to offset the loss.

The loss level calculated in the PSR, combined with the large number of victims, yielded an adjusted offense level of 29. (PSR ¶ 26.) However, this was reduced to a level of 26 through an adjustment for acceptance of responsibility. (PSR ¶ 29.) These calculations were accepted and used by the sentencing judge. (Docket No. 31 at 3-4.) Petitioner's sentencing range under the Guidelines was 63 to 78 months, with his eventual sentence of 69 months falling in the low-middle of that range.

Petitioner first contends that counsel did not challenge the amount of loss at sentencing by arguing that Petitioner had a good faith belief that his investment plan could deliver as promised, i.e., that it would return more than one to two times the

investors' payments to him.  He claims that he was a "law abiding citizen" and that his attorney should have presented this. Petitioner goes on to state that he had given promissory notes to each investor which provided him a complete defense by negating the element of intent.  Finally, he points to trips he made out of the country to attempt to recover parts of the investors' money from the Philippines as evidence of his lack of intent to cause any loss.

At certain points in raising this argument, it appears that Petitioner is really declaring his innocence of the crimes to which he pled guilty, rather than making a sentencing argument.  To the extent that this is so, it was with good reason that his attorney did not raise this point.  Petitioner admitted all elements of his fraud crimes, including intent to defraud, as a part of his guilty plea.  Denying intent and proclaiming innocence at sentencing would have called the guilty plea into question.  However, Petitioner is not claiming that he wished to make a motion to withdraw his guilty plea.  Raising the argument could also have been detrimental at sentencing by causing Petitioner to lose his three-level reduction for acceptance of responsibility.  This would have raised his sentencing level from level 26 with a range of 63-78 months to level 29 with a range of 87-108 months, which Petitioner would not reasonably have contemplated.

Further, raising Petitioner's intent argument would not have succeeded. The loss amount in his case was determined based on actual, not intended, loss. Therefore, the calculation focused solely on losses that were "reasonably foreseeable." The nature of Petitioner's fraudulent scheme was that he promised investors that he would put their money into certain types of investments while knowing that he had absolutely no intention of doing that. Instead, he either took the money for himself, his friends, his family, and his charities, used it to make lulling payments to prior investors, or put it into types of investments different from those promised. The fact that he truly intended or hoped that the other types of investments would pay returns high enough to pay the investors as promised is irrelevant. Even as to the portion of the money that was actually invested somewhere, Petitioner lied to his investors and exposed them to risks to which they did not agree. They then lost their money in the risky substitute investments he chose for them without their knowledge. That loss, the loss used to calculate the sentencing range in the PSR, was the reasonably foreseeable actual loss, not intended loss. Whether Petitioner subjectively intended the loss or not, it was certainly a "reasonably foreseeable" result of his actions and therefore properly countable as actual loss under U.S.S.G. § 2B1.1 comment. (n.3). Petitioner's attorney did not fall short of the reasonable standard for defense attorneys or prejudice Petitioner in failing

-7-

to present the argument. Likewise, the sentencing judge did not err in relying on the calculations in the PSR. Petitioner is not entitled to relief based on his contention that his subjective intent should have governed the amount of loss calculation.

Petitioner's next argument is that the amount of loss used at his sentencing improperly included agreed upon returns or rates of return. His argument is somewhat difficult to understand given the calculations of loss that were used in the case. As Petitioner correctly points out, loss as calculated under U.S.S.G. § 2B1.1 does not include "[i]nterest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or similar costs." U.S.S.G. § 2B1.1 comment. (n.3(D)(i)). However, the loss calculation in his case did not include any such amounts. Petitioner's scheme certainly involved a large sum of promised returns in the form of his assurances that he could return two to three times the initial investments or pay five percent interest a month. He also issued "promissory notes" to the investors. However, the PSR did not figure the amount of loss based on these promised gains, but instead used only the amount that investors actually put into the scheme and lost. (PSR ¶ 15). The loss was not based on any promised return or interest which never materialized. Petitioner's arguments regarding promised returns or interest are simply inapplicable. Petitioner's attorney was not deficient in failing to object based on the reasons set

forth by Petitioner. Additionally, the sentencing calculations relied upon by the sentencing judge in the PSR were correct. Petitioner's claims for relief should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to strike (Docket No. 45) is denied.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 37) be denied, and that this action be dismissed.

                                                  /s/ Donald P. Dietrich
                                                     **Donald P. Dietrich**
                                          **United States Magistrate Judge**

March 25, 2009